57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
and
United Food and Commercial Workers Union, Local 1439,
affiliated with United Food and Commercial Workers
International Union, AFL-CIO, CLC,
Petitioner-Intervenor,
v.
PAY LESS DRUG STORES NORTHWEST, INC.; Richard A. Vandervert
and Harlan Douglass, dba Douglass-Vandervert
Developers dba Wandermere Mall, Respondents.
 No. 94-70279.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided May 25, 1995.
 
 On Application for Enforcement of an Order of the National Labor Relations Board, NLRB No. 19-CA-20690.
 NLRB,
 DENIED; VACATED.
 
 
 1
 Before: HALL and LEAVY, Circuit Judges, and LEVI,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The National Labor Relations Board ("NLRB") petitions for enforcement of its cease-and-desist order against Pay Less Drug Stores Northwest, Inc., and Harlan Douglass and Richard A. Vandervert, dba Douglass-Vandervert Developers dba Wandermere Mall (collectively, "Respondents"). We will uphold the NLRB's decision if its findings of fact are supported by substantial evidence and if the NLRB correctly applied the law. See Retlaw Broadcasting Co. v. NLRB, F.3d , , Nos. 93-70378 & 93-70437, slip op. 4771, 4777-78 (9th Cir. Apr. 26, 1995). With respect to the latter, we will defer to the NLRB's interpretation of the National Labor Relations Act ("the Act"), 29 U.S.C. Secs. 151-69, so long as it is reasonably defensible. Id.
 
 
 4
 This appeal stands or falls on the NLRB's determination that the Respondents engaged in disparate treatment of the non-employee union members by denying them permission to picket on the sidewalk in front of Wandermere Mall's Pay Less Drug Store, when the Respondents had permitted others e.g., the Girl Scouts and a community bloodmobile to be on Mall property.[1] We reject this position.
 
 
 5
 A business should be free to allow local charitable and community organizations to use its premises, whether for purely altruistic reasons or as a means of cultivating good will, without thereby being compelled to allow the use of those same premises by an organization that seeks to harm that business. Cf. Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 46-47 (1983) (an employer may open its internal mail system to communications about civic and church meetings without thereby being compelled to open it to union notices as well, because the employer is only obligated to allow similar use of its facilities).
 
 
 6
 As there is no similarity between the conduct complained of and that permitted by the Respondents, we conclude that the NLRB incorrectly interpreted and applied the Act to the facts of this case. Because we find no merit to any of the remaining arguments,
 
 
 7
 The petition is DENIED and the order is VACATED.
 
 
 
 *
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the NLRB based its decision on "disparate treatment" analysis rather than the now rejected "balancing of interests" test of Jean Country, 291 N.L.R.B. 11 (1988), we need not and do not reach the merits of the question of whether or not Lechmere, Inc. v. NLRB, 502 U.S. 527 (1992) and Sparks Nugget, Inc. v. NLRB, 968 F.2d 991 (9th Cir. 1992) preclude a determination that the non-employee union members were engaged in a protected activity under 29 U.S.C. Secs. 157 and 158 by attempting to picket on a sidewalk that was used by Pay Less as a sales area