116 F.3d 1482
 158 L.R.R.M. (BNA) 2256
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. Jordan and Steven E. Rector, Plaintiffs-Appellants,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION
NO. 855, and Delaware County, Defendants-Appellees.
 No. 95-3567.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997*
Decided June 18, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. No. IP 94-892-C-D/F S. Hugh Dillin, Judge.
 Before POSNER, C.J., EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 David Jordan and Steven Rector sued their union and their county government. (Actually, they sued the police department, but the district court treated the claim as one made against the County, because the police department is not a separate legal entity.) Plaintiffs contend that the union violated its duty of fair representation by adopting certain hiring-hall practices, and that the County should pay damages because an off-duty (but uniformed) police officer frisked the plaintiffs at the union's direction before they entered a union meeting. The district court granted summary judgment to the defendants. It determined that the claims against the union were untimely, because filed after the six-month period for actions of this kind adapted from 29 U.S.C. § 160. See Johnson v. Graphic Communications Union, 930 F.2d 1178, 1181, 83 (7th Cir.1981). The County prevailed because the court concluded that plaintiffs have not shown that it has a policy or custom approving unconstitutional searches, so that it could not be held liable whether or not the officer's acts were inconsistent with the Fourth Amendment. See Monell v. New York Department of Social Services, 436 U.S. 658 (1978). Moreover, the court observed that Jordan and Rector did not submit evidence to controvert the sworn statement of the officer that the search was consensual.
 
 
 2
 Plaintiffs' appellate brief ignores these rulings. It is a rambling compilation of grievances, affidavits, and newspaper clippings that bears no semblance to a legal argument. Appellants' failure to address the grounds on which the district court decided the case leaves us no alternative other than to hold that the judgment is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)